Lewis A. Heaven, Jr. Merriam City Attorney 6700 Antioch, Suite 420 P.O. Box 3867 Merriam, Kansas 66203-0867
Dear Mr. Heaven:
As City Attorney for the City of Merriam, you ask our opinion on whether the City is required to hold an election and gain voter approval before issuing general obligation bonds to fund significant changes and additions to a public building under K.S.A. 12-1736 et seq.
As background, you inform us that substantial additions and renovations have been proposed for the Merriam public safety/city hall facility to meet the occupants' current needs. You attached a "Space Needs and HVAC Analysis" prepared by architects hired by the City. The excerpted pages from the analysis state that: the facility would be expanded from 22,900 square feet to 31,230 square feet; a portion of the building would be demolished and the building would be expanded beyond its present envelope; additional parking and a sally port would be provided; and other changes to the internal and external structure would be made to accommodate space needs, projected HVAC demands and ADA laws. We assume from your question and the description of the building that the facility is a "public building," a term which has been broadly defined by this office,[1] and, more specifically, that it is a "city office" under K.S.A. 12-1737.
K.S.A. 12-1736 and 12-1737 govern the issuance of bonds to finance public building construction and improvements. K.S.A. 12-1736
defines the scope of cities' authority as follows: "Any city in this state may erect or construct, acquire by gift, purchase, condemnation or lease a public building or buildings and may alter, repair, reconstruct, remodel, replace or make additions to, furnish and equip a public building or buildings."
K.S.A. 12-1737 sets out the methods for financing public building projects.
 "The governing body of any city may, for the purposes hereinbefore authorized and provided:
. . . .
"(c) issue bonds of the city;
. . . .
 "An election upon the issuance of bonds under the authority of this act shall be required for the purpose of acquiring or constructing city offices, public libraries, auditoriums, community or recreational buildings."
We find the basic rules of statutory construction to be instructive, as they are restated and reapplied in Davis v. Cityof Leawood.[2] "The fundamental rule of statutory construction is that the intent of the legislature governs . . . the intent of the legislature is to be derived in the first place from the words used . . . when a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be . . . [and] words in common usage should be given their natural and ordinary meaning (citations omitted)."
The plain language and structure of K.S.A. 12-1736 distinguish between the construction, acquisition or purchase of a building and the additional authority to "alter, repair, reconstruct,replace and make additions to a public building or buildings." The term "construct" must then have a meaning which does not encompass, but is distinct from and supplemental to, the statutory list of additional public building authority.[3] This meaning is "to build; erect; put together; make ready for use;"[4] the referenced term "construction" is defined as "the creation of something new, as distinguished from the repair or improvement of something already existing."[5] Because the statutory requirement for an election expressly applies only where the city is "constructing or acquiring" a public building, a plain reading of the terms of two statutes presumes that all other public building authority may be exercised without an election.
This legal conclusion has been reached by two previous Attorneys General. In Attorney General Opinion No. 74-322, the rebuilding project at issue was "substantial, albeit less than total;" this office found the two public building statutes were "clear and unambiguous," and that any degree of alteration, reconstruction, or replacement of a building may proceed without an election "irrespective of that particular project's degree of alteration, etc., as compared with the original structure." In Attorney General Opinion No. 76-23, this office again examined K.S.A.12-1736 et seq., and determined that the authority to construct or acquire was "clearly segregated" from a cities' additional powers. The requirement of an election under the statute "merely restricts the city's power in regards to the initial construction or acquisition of the listed public buildings."[6] There have been no relevant amendments to the statutes since these opinions were issued.
A valid election may only be called and held where express constitutional or statutory authority exists.[7] Absent this authority, an election will be deemed advisory; it is not valid and has no binding effect.[8] If the City of Merriam were to hold an election on the issue of whether to finance the proposed city hall/public safety building project, it is our opinion the election would be advisory only.
It is our opinion that K.S.A. 12-1736 et seq. does not require an election be held for the City of Merriam to issue bonds to finance a city hall project that calls for alterations to an existing structure, and does not propose the initial construction of a public building. Without express statutory authority, an election under these circumstances would be advisory.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Nancy L. Ulrich Assistant Attorney General
CJS:JLM:NLU:jm
[1] Attorney General Opinion 79-271.
[2] 257 Kan. 512, 527 (1995).
[3] American Fidelity Ins. Co. v. Employers Mut. Gas. Co.,3 Kan. App. 245, 249 (1979).
[4] Black's Law Dictionary.
[5] Id. at 283.
[6] Attorney General Opinion No. 76-23.
[7] Attorney General Opinion No. 79-44.
[8] Id. at 1.